Although I concurred in Kmart v. Kyles, 723 So.2d 572 (Ala. 1998), I disagree with what I see in today's case as an inappropriate extension of the standard applied in that case. The plaintiff in Kmart offered no personal testimony regarding the degree of suffering she had experienced, and there was little evidence of any kind upon which the jury could draw in awarding damages for mental anguish. Under the specific facts of that case, I joined the opinion holding that the mental-anguish award should be subject to more intensive review.
However, I do not believe that direct testimony from the plaintiff regarding the extent of his or her mental anguish is necessary, or should be required, in order for a mental-anguish award to be upheld on appeal. In this case, the plaintiff testified at length regarding the events that occurred and about his concern that his probation might be revoked. This present case does not present a situation like that in Kmart, where there was little or no direct evidence to support the jury's award.
I concur in the main opinion, except as to Part IX. I concur in the result of Part IX, ordering a remittitur of compensatory damages to $100,000.